**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017[*]
Decided December 8, 2017

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3712

| | |
|---|---|
| DEMONTA L. HAMBRIGHT, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CV-1362 |
| PAUL S. KEMPER, et al., *Defendants-Appellees*. | Nancy Joseph, *Magistrate Judge*. |

**O R D E R**

Demonta Hambright, a Muslim inmate at the Racine Correctional Institution (RCI), appeals the entry of summary judgment against him in this suit asserting a First Amendment claim under 42 U.S.C. § 1983. He asserted that various prison defendants violated his First Amendment rights when they delayed and rescheduled RCI's 2013 feast of Eid al-Fitr, an Islamic holiday that celebrates the end of Ramadan. A magistrate judge, presiding by consent, dismissed three defendants (Warden Paul Kemper, Deputy Warden Ronald Malone, and Corrections Program Supervisor Tommie

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Thomas) because Hambright did not introduce sufficient evidence from which a jury could infer that they were involved in the alleged constitutional deprivation. The judge also concluded that Hambright's claims against the remaining two defendants (Chaplain Zakaria Nurdeen and Food Service Administrator Leroy Wahlstrom) failed because the record could support at most a claim that they acted negligently and, in any event, they were protected by qualified immunity. We affirm.

Hambright observes Ramadan, a holy month in which practicing Muslims fast from dawn to sunset. The month ends with Eid al-Fitr, a celebration traditionally consisting of special prayers and a feast. In December 2012, the defendants all received a memorandum from the Wisconsin Department of Corrections (DOC) that identified five religious celebrations for prisons to schedule in the coming year, including Eid al-Fitr, which was to be scheduled between August 8 and August 15. To help prison staff accommodate those inmates who intended to fast for Ramadan, Chaplain Nurdeen prepared a list of participants for Wahlstrom. Because participation changed during the month, Nurdeen frequently updated this list. In early July Nurdeen forwarded Wahlstrom an updated list accompanied by a memorandum to notify him that the Eid al-Fitr feast was scheduled for August 8. Though Wahlstrom received the list, he attested that he did not see the attached memorandum before passing along the list to his staff, and thus did not prepare the meals for the feast.

On August 8, Nurdeen gathered Hambright and fifty more Muslim inmates in the chapel to celebrate Eid al-Fitr. The special prayers proceeded as scheduled, but the staff did not deliver the feast. Nurdeen called Wahlstrom to have the meals delivered, but Wahlstrom responded that he was not aware of any scheduled feast and had no meals ready. Nurdeen returned to the chapel and told the inmates that the feast would have to be postponed. It was rescheduled for August 15, the soonest possible date given Nurdeen's schedule and the chapel's availability. Hambright received a pass to attend the rescheduled feast, but he did not join, explaining in his court filings that the delay had taken "away all the beautiful a[nd] significant meaning of the feast."

Hambright exhausted his administrative remedies and then brought this suit under 42 U.S.C. § 1983, asserting that defendants violated the First and Eighth Amendments as well as their own policies when they rescheduled the feast. The magistrate judge screened his complaint, *see* 28 U.S.C. § 1915A(a), and allowed him to proceed on only the First Amendment claim. The judge informed Hambright that his claim could succeed only if he could show, as he alleged, that the delay was intentional and not merely negligent.

The magistrate judge eventually granted the defendants' motion for summary judgment. The judge concluded that (1) the supervisors (Kemper, Malone, and Thomas) could not be liable under § 1983 because they were not personally involved with the alleged constitutional violations; (2) Wahlstrom's failure to deliver the feast on the originally scheduled date was a "mistake," and negligence alone was not sufficient for liability under § 1983; and (3) Nurdeen and Wahlstrom were protected by qualified immunity because, as of 2013, it was not clearly established that rescheduling the feast eight days after Ramadan's end violated the First Amendment.

On appeal, Hambright first contests the dismissal at screening of two of his claims, which he believes the magistrate judge had not construed liberally. In the first claim he alleged that defendants violated their own policies—specifically the memorandum that stated the date and time that the Eid al-Fitr feast was to take place. But § 1983 applies only to violations of federal law, so Hambright cannot bring a claim based on an alleged violation of RCI's policies. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2014); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). Hambright also argues that the court overlooked a second claim that his feast was denied in violation of the Eighth Amendment. But § 1983 claims must be addressed under the most applicable constitutional provision and his First Amendment claim would "gain[] nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The Eighth Amendment claim thus was properly dismissed.

As for the court's conclusion that that the three supervisor defendants (Kemper, Malone, and Thomas) lacked sufficient personal involvement to be held liable for their role in the alleged First Amendment deprivations, Hambright points to language in their job descriptions which suggests that each of these defendants had some responsibility for supervising lower-level employees or certain activities—including the planning of holiday meals. This evidence may support the notion that the supervisors failed to supervise, but "[s]ection 1983 does not authorize 'supervisory liability,'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Summary judgment was properly entered for these defendants.

Hambright next contends that the magistrate judge improperly entered summary judgment on his claims against Nurdeen and Wahlstrom. He maintains that the judge overlooked evidence in the record that, he believes, shows that the two men's failure to serve the Eid al-Fitr feast on August 8 was not merely negligent but intentional. Their

conduct, he asserts, was part of a pattern of prison officials' "reckless disregard" of Muslim inmates' rights—a pattern that includes the DOC's decision to allow prison facilities in 2015 to delay Eid al-Fitr up to four days after Ramadan's end if there were scheduling conflicts, and the DOC's decisions not to allow inmates to lead religious services or to require prisons to provide a yearly feast for another Islamic holiday, Eid al-Adha, or the Feast of the Sacrifice.

But this evidence does nothing to show that Nurdeen or Wahlstrom acted intentionally. As the magistrate judge explained, the evidence in the record shows that Wahlstrom made a mistake (Thomas even admitted that prison officials "clearly dropped the ball"), but negligence regarding their miscommunication over the feast will not sustain a § 1983 claim. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013). Because Hambright did not provide evidence for a reasonable jury to conclude the delay was intentional, summary judgment was properly entered on this claim.

Finally Hambright challenges the magistrate judge's ruling that Wahlstrom and Nurdeen were entitled to qualified immunity, given that Hambright had no clearly established right to have the feast served within three days of Ramadan's end. Hambright maintains that he did have such a clearly established right—specifically the right to have prison officials follow their own policies and regulations. He traces one source of that right to the memorandum that Nurdeen sent the RCI staff on July 8, 2013, stating that the Eid al-Fitr feast was to occur on August 8. But even if we assume that this memorandum represents an RCI policy or regulation, it would not defeat qualified immunity. "Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." *Davis v. Scherer*, 468 U.S. 183, 193–94 (1984); *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002).

As a second source of a clearly established right, Hambright points to two district court cases—*Perez v. Frank*, No. 06 C 248 C, 2007 WL 1101285 (W.D. Wis. Apr. 11, 2007), and *Couch v. Jabe*, 479 F. Supp. 2d 569 (W.D. Va. 2006)—that involved delayed or cancelled Eid al-Fitr celebrations and were decided in the plaintiffs' favor. But district court citations are not controlling authority or "a robust 'consensus of cases of persuasive authority'" as required to prove a clearly established right. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741–42 (2011) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)); *Denius v. Dunlap*, 209 F.3d 944, 950–51 (7th Cir. 2000). Moreover, neither district court opinion concluded that defendants had violated plaintiffs' religious rights; in both

cases, the defendants simply failed to produce sufficient evidence to support their motions for summary judgment. *See Perez*, 2007 WL 1101285, at \*13–14; *Couch*, 478 F. Supp. 2d at 592–94. In contrast, Nurdeen provided unrebutted evidence that he rescheduled the feast for the only date feasible because of time conflicts, and prison officials do not violate the First Amendment when they reschedule religious services due to the unavailability of a chapel or a chaplain. *See Mack v. O'Leary*, 80 F.3d 1175, 1180–81 (7th Cir. 1996) (recognizing that "alternative eating places may not be available for festal occasions such as Ramadan"); *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991) ("The law clearly does not mandate [a prison] to pay for a full-time Imam."); *Hadi v. Horn*, 830 F.2d 779, 787–88 (7th Cir. 1987) (finding no First Amendment violation when prison cancelled religious services in favor of recreational activities).

We have considered Hambright's other contentions but none merits discussion.

Finally in light of the foregoing, Hambright's motion for recruitment of counsel on appeal is DENIED. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc).

AFFIRMED.